RAFAEL BUSCAGLIA, TESORERO DE PUERTO RICO, peticionario, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado; FRATICELLI & GUIDICELLI, interventores.

Núm. 218.—*Sometido:* Julio 21, 1949. *Resuelto:* Noviembre 14, 1949.

*Hon. Procurador General Vicente Géigel Polanco y Manuel J. Medina Aymat, Procurador General Auxiliar,* abogados del peticionario; *J. J. Ortiz Alibrán,* abogado de los interventores, querellantes en el pleito principal.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Al resolver este caso el Tribunal de Contribuciones se limitó a decir que: "Considerando tanto la prueba incontrovertida que fuera aducida por los apelantes, como lo decidido en los casos de *Puig* v. *Tribunal de Contribuciones*, 65 D.P. R. 734 (1946); *Vías* v. *Tribunal de Contribuciones*, 67 D.P.R. 491 (1947): Resolvemos declarar con lugar la instancia del epígrafe en todos sus extremos."

A petición del Tesorero de Puerto Rico, expedimos auto de *certiorari* para revisar dicha resolución. Los hechos que dieron lugar a la querella ante el tribunal inferior son los siguientes:

El 2 de enero de 1946 el Tesorero notificó a Fraticelli & Guidicelli deficiencias en sus contribuciones sobre ingresos correspondientes a los años contributivos 1938, 1939, 1940 y 1941, montantes a $5,935.05. Denegada la reconsideración solicitada, después de celebrada la vista administrativa correspondiente, los Sres. Antonio Fraticelli y Antonio Guidicelli pagaron dichas deficiencias y luego solicitaron su reintegro, el cual les fué denegado por entender el Tesorero que la firma Fraticelli & Guidicelli ". . . es una sociedad civil y como tal viene obligada a radicar declaraciones de ingresos y a pagar la contribución correspondiente . . ." Acudieron entonces los Sres. Fraticelli y Guidicelli al Tribunal de Contribuciones con el resultado antes expuesto.

¿Qué demostró la "prueba incontrovertida" a que hace referencia el Tribunal recurrido? Veámoslo.

█ █ El 6 de febrero de 1936 Antonio Fraticelli adquirió por compra del Banco de Puerto Rico, como síndico del Banco Territorial y Agrícola de Puerto Rico, cuatro fincas rústicas situadas en el Barrio Bayaney de Hatillo. El 14 de abril de 1936, el Sr. Fraticelli vendió tres de dichas fincas al Sr. Antonio Guidicelli. Estas transacciones fueron probadas mediante la presentación de las escrituras correspondientes.

Como único testigo declaró el Sr. Antonio Fraticelli y su testimonio fué al efecto de que desde el año 1938 al 1941

tuvo relaciones de negocios con el Sr. Guidicelli explotando unas fincas de caña; que nunca tuvieron un contrato de sociedad pues el convenio fué verbal y que a virtud del mismo, "él poseía una finca y yo otra y convinimos en trabajarlas partiendo los beneficios que dieran las fincas"; que cada uno actuaba independientemente pero que también tenían poder otorgado el uno a favor del otro; que cada uno firmaba pagarés en los bancos al tomar dinero a préstamo, pero que también él firmó pagarés a nombre de Guidicelli de acuerdo al poder otorgádole; que él rendía sus declaraciones sobre ingresos incluyendo solamente la parte que le correspondía de los beneficios de las plantaciones; (¹) que dichos beneficios representaban el 50 por ciento del total y que Antonio Guidicelli declaraba el otro 50 por ciento. En el contrainterrogatorio, declaró el testigo que el contrato verbal para explotar las fincas comenzó en el año 1936, al venderle él las tres fincas a Guidicelli; que en el campo éste se encargaba de la dirección de las fincas y en su ausencia, el testigo; que en cuanto a los giros de préstamos, él mismo se encargaba de ellos; que fuera del campo se ocupaba él de todo; que Guidicelli supervisaba el trabajo y pagaba a un empleado que tenían; que las ganacias se las distribuían al 50 por ciento y que los gastos se cargaban a las fincas y cada uno aportaba la parte que le correspondía; que cada uno hacía individualmente sus préstamos de refacción; que cada uno tenía su cuenta en los libros; que cada uno actuaba individualmente porque las fincas estaban [inscritas] a nombre de cada uno; que las cañas eran molidas en la central a nombre de Fraticelli & Guidicelli, no importando que se molieran cañas de las fincas de Fraticelli o de Guidicelli; que la central libraba los cheques a nombre de Fraticelli & Guidicelli; que si había pérdidas, cada uno hubiera perdido su participación, aun

---

(¹) El Tesorero admitió que para el año 1940, Antonio Fraticelli informó en su declaración de ingresos el haber recibido $9,148.70 como participación en la comunidad Fraticelli & Guidicelli y por el año 1941, $1,702.60 por igual concepto.

cuando no lo estipularon así; que Guidicelli le otorgó un poder a su favor y él a su vez le otorgó otro a él.

Ésta, en síntesis, fué la prueba del caso y ella demuestra, a nuestro juicio, que el Tribunal de Contribuciones erró al resolver, implícitamente,—pues en realidad no hizo ni conclusiones de hecho ni de derecho—que existía una comunidad de bienes entre Antonio Fraticelli y Antonio Guidicelli y que, de acuerdo con los casos de *Puig* y *Vías*, supra, la entidad Fraticelli & Guidicelli no era una sociedad para los años 1938 y 1939 y tampoco una empresa común con fines de lucro para los años 1940 y 1941.

Nada encontramos en la prueba que demuestre la existencia de una comunidad de bienes. Artículo 326 del Código Civil, edición de 1930. Las fincas objeto de explotación pertenecían individual y separadamente a Fraticelli y Guidicelli. Los casos de *Puig* y *Vías*, supra, no tienen aplicación alguna a los hechos del presente caso. Lo que hicieron los interventores en el de autos, fué aportar dichas fincas al negocio de explotarlas en la siembra y cultivo de cañas de azúcar con el fin de partir entre sí las ganancias. De hecho, y de derecho, constituyeron una sociedad—Artículo 1556 del Código Civil, edición de 1930—o después del año 1940, una empresa común con fines de lucro, que también constituye una sociedad a los fines del pago de la contribución, de acuerdo con la sección 2(*a*) (3) de la Ley de Contribuciones sobre Ingresos, según fué enmendada por la Ley núm. 31, aprobada el 12 de abril de 1941 y en vigor desde enero primero de 1940.(²) Véase *Tesorero* v. *Tribunal de Contribuciones*, 70 D.P.R. 99, y casos en él citados. En los casos de *Puig* y *Vías*, supra, se demostró la existencia de una comunidad de bienes y dichos casos no deben ser citados para sostener si-

---

(²) Dicha sección dice así:

"El término 'sociedad' incluirá las sociedades civiles, mercantiles, industriales, agrícolas, profesionales o de cualquiera otra índole, conste o no, su constitución en escritura pública o documento privado e incluirá, además, cuando dos o más personas bajo un nombre común o no se dediquen a una empresa común (*joint venture*), con fines de lucro."

tuaciones de hecho y de derecho que, como en el presente, demuestran la existencia de una sociedad o de una empresa común con fines de lucro y no de una comunidad.

*Debe revocarse la resolución recurrida y desestimarse la querella de los interventores ante el Tribunal de Contribuciones.*

El Juez Asociado Sr. Negrón Fernández se inhibió.